UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DEBORAH TAPERELL,

                                        **REPORT AND**
                                        **RECOMMENDATION**
         Plaintiff,                CV 18-3343 (SJF) (ARL)

    -against-

TEGAN LIGHTING, INC., RENEE GREEN
and JAMES PRIOR,

         Defendants.
------------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Plaintiff Deborah Taperell brings this action ("Plaintiffs") against Tegan Lighting, Inc., Renee Green and James Prior (collectively "Defendants") for violation of the New York State Human Rights Law, New York Executive Law §§ 290 et seq. ("NYSHRL"). Currently before the Court, on referral from District Judge Feuerstein, is the Defendants' motion to dismiss Plaintiff's First Amended Complaint ("Am. Compl.") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the undersigned respectfully reports and recommends that Defendants' motion to dismiss be granted.

BACKGROUND

    **I.**     **Factual Background**

      The following facts are drawn from the Complaint and are accepted as true for purposes of the instant motion. *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993). These facts, however, do not constitute findings of fact by the Court. *See Colvin v. State University College at Farmingdale*, No. 13-CV-3595 (SJF)(ARL), 2014 U.S. Dist. LEXIS 85678, 2014 WL 2864224, at *1 n.1 (E.D.N.Y. June 19, 2014).

Plaintiff, a 36-year old female, is and was at all relevant times a resident of Nassau County, New York.  Am. Compl. ¶ 13.  Defendant Tegan Lighting, Inc. ("Tegan") sells, designs and fabricates LED/Halogen track systems, luminaires and lighting products for the commercial market.  Tegan is a California corporation, with its principal place of business in California.  *Id.* at ¶¶ 14-15.  Defendant Green was Plaintiff's immediate supervisor and also Tegan's Chief Executive Officer and owner.  *Id.* at ¶¶ 2, 31, 32.  Defendant Prior was Tegan's Chief Financial Officer and owner.  *Id.* at ¶¶ 33-35.

According to the Amended Complaint, Plaintiff was offered a job as Tegan's East Coast Regional Sales Manager in June 20, 2017 and commenced work on July 5, 2017.  *Id.* at ¶¶ 38, 42.  As a regional sales manager, Plaintiff's responsibilities included educating and training Tegan's independent sales agents and customers on Tegan's products.  This position required travel 50-60 % of the time.  *Id.*  Plaintiff's region stretched from Florida to Toronto, Canada.  *Id.*  Plaintiff reported to Defendants Green and Prior.  *Id.* at ¶ 39.  Plaintiff maintained a home office in her home in Great Neck, New York.  *Id.* at ¶¶ 22-24.

On July 9, 2017, Plaintiff traveled to California to meet with Green and receive training at Tegan's headquarters.  *Id.* at ¶ 43.  During the course of her training, on July 11, 2017, Plaintiff informed Green she was pregnant.  *Id.* at ¶ 45.  Plaintiff alleges that Green responded badly to the news and abruptly ended the conversation, indicating she intended to speak with her business partner about this development.  *Id.* at ¶ 46.  Early the next morning, Green informed Plaintiff that she was terminated, and she was directed to return to New York.  *Id.* at ¶ 49.  On July 13, 2017, Plaintiff received an e-mail from a recruiter stating that she was terminated because she refused to travel more than four days a month.  *Id.* at ¶ 54.  According to Plaintiff

she never stated that she was unwilling to travel. *Id.* at ¶ 55. Plaintiff alleges that she was terminated as a result of gender and pregnancy discrimination. *Id.* at ¶ 67.

On April 20, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC') against Tegan. *Id.* at ¶ 8. Plaintiff received a right to sue letter from the EEOC on May 29, 2018. *Id.* at ¶ 10. This action was filed within 90-days of Plaintiff's receipt of the right-to-sue. *Id.* at ¶ 11. Plaintiff asserted two claims in the Amended Complaint, discrimination in violation of the NYSHRL and Title VII of the Civil Rights Act of 1964. Plaintiff voluntarily discontinued her claim for violation of Title VII in July 2018. ECF No. 6.

## II. Procedural Background

Plaintiff originally filed her complaint in Nassau County Supreme Court on May 8, 2018 and filed an Amended Complaint in that same court on June 5, 2018. Defendants removed this action to federal court on June 7, 2018. ECF No. 1. On July 27, 2018, Defendants moved to dismiss Plaintiff's claims pursuant to Rule 12(b)(6). By Order dated July 30, 2018, this motion was referred to the undersigned by Judge Feuerstein.

Defendants' motion for dismissal of Plaintiff's First Amended Complaint argues that Plaintiff's claim under the NYSHRL must be dismissed because that statute does not afford Plaintiff a private right of action against foreign defendants concerning out of state actions. Plaintiff opposes the motion.

## DISCUSSION

### I. Standard of Review

The Supreme Court clarified the appropriate pleading standard in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), in which the court set forth a two-pronged approach to be utilized in analyzing

a motion to dismiss pursuant to Rule 12(b)(6). District courts are to first "identify [ ] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. Though "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* Second, if a complaint contains "well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a [d]efendant has acted unlawfully." *Id*. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007) (internal citations omitted)).

For the purposes of a Rule 12(b) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated by reference, and to matters of which judicial notice may be taken." *Serdarevic v. Centex Homes, LLC,* 760 F. Supp. 2d 322, 328 (S.D.N.Y. 2010) (quotation omitted); *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

**II.     Failure To State A Claim Under NYSHRL**

Defendants move to dismiss Amended Complaint on the grounds that the NYSHRL does not provide a private right of action to New York residents discriminated against outside of New York by foreign corporations. Plaintiff responds that the NYSHRL does apply if the impact of the discriminatory act is felt by the individual in New York.

To assert a claim for violation of the NYSHRL, Plaintiff must demonstrate that the "unlawful discriminatory practice originated within New York state, that a discriminatory practice affected the 'terms, conditions, or privileges of [plaintiff's] employment' within New

4

York, or that [defendant] retaliated against [plaintiff] because she complained about such discriminatory practices." *Sherwood v. Olin Corp.*, 772 F. Supp. 1418, 1426 (S.D.N.Y. 1991) (citations omitted). The NYSHRL "does not provide a private cause of action to New York residents discriminated against outside of New York by foreign corporations." *Harte v. Woods Hole Oceanographic Inst.*, 495 F. App'x 171, 172 (2d Cir. 2012) (quoting *Sorrentino v. Citicorp*, 302 A.D.2d 240, 240, 755 N.Y.S.2d 78 (N.Y. App. Div. 2003)); s*ee also Shin v. Am. Airlines Grp. Inc.*, No. 17-CV-2234-ARR-JO, 2017 U.S. Dist. LEXIS 122600, 2017 WL 3316129 (E.D.N.Y. Aug. 3, 2017) ("the NYSHRL does not provide a private cause of action to New York residents discriminated against outside of New York by foreign corporations")(quotation omitted); *Curto v. Med. World Commc'ns Inc.,* 388 F. Supp. 2d 101, 106 (E.D.N.Y. 2005) ("It is well settled that NYSHRL does not provide a cause of action to a New York resident for discriminatory acts committed outside of New York by a foreign corporation."); *Sherwood*, 772 F. Supp. at 1421-22 ("the private civil remedy provided by § 297(9) is not available to those who allege out-of-state discrimination by a non-resident person or a foreign corporation").[1] Here, it undisputed that that none of the Defendants are either a New York resident or a domestic corporation. Additionally, it is undisputed that none of the alleged discriminatory acts occurred with in New York. Thus, the only question remaining is whether the NYSHRL extends to cover New York residents who maintain a home office in New York, where the alleged discriminatory conduct took place outside of New York.

This precise argument was rejected by the Court in *Meyers v. Medco Health Solutions, Inc.,* No. 09 Civ. 09216 (RKE), 2012 U.S. Dist. LEXIS 144029, 2012 WL 4747173 (S.D.N.Y.

---

[1] Plaintiff argues that N.Y. C.L.S. Exec. § 298-a(1) applies to acts of discrimination committed outside of the state against a New York state residents. While this section does apply to such an action, courts have consistently found that the language of this section does not allow for a private civil remedy to those who allege out-of-state discrimination by a non-resident person or a foreign corporation. *Sherwood*, 772 F. Supp. at 1421-22.

5

Oct. 4, 2012). According to the Court in *Meyers,* the standard is not satisfied where "Plaintiff was employed in New Jersey, and the acts she complains of were all performed by employees of Medco, a foreign corporation, in New Jersey. The mere fact that plaintiff resided in New York, and may have periodically worked from home, is not sufficient to warrant the application of New York law. None of the discriminatory acts complained of were committed in New York. Rather, they were allegedly committed by Medco's management at the company's Franklin Lakes, New Jersey facility and plaintiff's claimed complaints about these acts were made in New Jersey. In addition, her employment was terminated in New Jersey." *Id*. at * 14 (citing *Sorrentino v. Citicorp*, 302 A.D.2d 240, 755 N.Y.S.2d 78, 79 (N.Y. App. Div. 2003) ("[The NYSHRL] does not provide a private cause of action to New York residents discriminated against outside of New York by foreign corporations. Defendants are concededly foreign corporations, and there is no evidence tending to show that they committed discriminatory acts against plaintiff in New York.") (citations omitted)).

     Each of the cases cited by Plaintiff is readily distinguishable because the discrimination was on-going and impacted the plaintiff's ability to perform their work while in New York. In *Curto v. Med. World Commc'ns Inc.,* 388 F. Supp. 2d 101, 106 (E.D.N.Y. 2005), the Court held that working from a home was a sufficient nexus to New York to allow an action to proceed, however, the Plaintiff must allege that the discriminatory conduct has "made her job in New York more difficult to perform." *Id*. at 107 (quoting *Wilcox v. PRC Ltd. Pshp*., No. 95-CV-1292, 1997 U.S. Dist. LEXIS 3854, 1997 WL 141682, at *4 (N.D.N.Y. Mar. 24, 1997). Plaintiff in *Curto* alleged that the discriminatory conduct persisted over the course of several months. Here, Plaintiff traveled to California to begin her training and was terminated before she returned

6

home. She never performed any duties in New York despite her allegation that she created a home office.

Plaintiff's reliance on *Int'l Healthcare Exch., Inc. v. Global Healthcare Exch., LLC*, 470 F. Supp. 2d 345 (S.D.N.Y. 2007) is also misplaced. In that case, Plaintiff's wrongful termination claims were dismissed, on other grounds, and the Court's decision regarding the scope of NYSHRL was limited to Plaintiff's claims of disparate treatment which included assignments that were inappropriately administrative or secretarial, and that similarly situated male workers' assignments were not so dominated by such work. *Id*. at 356. Thus, her work in her home office was impacted by the nature of her assignments and the impact was felt in New York. Here, Plaintiff informed her employer she was pregnant while in California, was allegedly subjected to discriminatory comments in California and twelve hours later was terminated in California. Plaintiff' recourse is pursuant to New York Executive Law § 298-9 which allows Plaintiff to make an application to the New York State Division of Human Rights. *See, e.g., Sherwood v. Olin Corp.*, 772 F. Supp. at 1422-23 (conducting, on a matter of first impression and after requesting briefs from the Attorney General of New York, an inquiry into the interpretation of the statute and concluding that the statute only provides administrative remedies for out-of-state discrimination by nonresidents).

Plaintiff's reliance upon *Downey v. Adloox Inc.*, 238 F. Supp. 3d 514 (S.D.N.Y. 2017) is misplaced. In *Downy*, the court held that Plaintiff need only "plead and prove that the alleged discriminatory conduct had an impact within New York State . . . Downey does so, as his claims are based in part on his treatment during his employment and he alleges, among other things, that he worked at least part-time out of the . . . New York office, including scheduling and preparing for a major marketing exhibition in New York." *Id.* at 524. In *Downy*, the 52-year old plaintiff

7

was repeatedly referred to as old timer and instructed to hire only younger salesmen. *Id.* Plaintiff makes no such allegation here as she had just begun her training in California and she was working in California at the time the discriminatory comments were made. By the time she returned to New York she was no longer employed by Defendants.

Accordingly, the undersigned respectfully recommends that Defendants' motion to dismiss the Amended Complaint be granted.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
       February 6, 2019

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge